

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. P. Rutledge
County Judge
Irion County
Mertzon, Texas

Dear Sir:

Opinion No. 0-4475
Re: Fire fighting equipment may
be purchased by county and
warrants issued therefor to
be retired out of the general
fund.

Your request for an opinion is predicated upon a letter from you to Honorable George H. Sheppard, Comptroller of Public Accounts, and forwarded to us for answer. We quote the following pertinent provisions from your letter:

"The Legislature of 1941, in regular session duly passed House bill No. 262, empowering commissioners' courts to purchase and operate fire fighting equipment for use outside the limits of any city, village or town, and by arrangement with the governing bodies of such towns, villages and cities, for joint use.

"The bill in question is extremely vague inasmuch as it provides for the purchase of such equipment, though not the method of payment therefor, therefore it appears that any powers granted commissioners' courts are by implication only, and we are very uncertain as to procedure.

". . .

"A legal opinion given us by Hughes, Hardeman & Wilson, Attorneys of San Angelo, which is inclosed for your inspection, states that in their opinion that time warrants must be issued against the general fund of the county, in the sum voted, and if their contention is correct, it is going

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

to place this county in a tight spot, as ex-
penditures long since ear marked from such
fund, necessary to the operation of the county
administration, far exceeds receipts therein.

". . ."

It is difficult to ascertain the exact question
submitted but we conclude that the primary question is the
manner in which the purchase of fire fighting equipment can
be financed.

You advise by supplemental letter of April 2, 1942,
that the election was held on the 21st day of February, 1942,
pursuant to House Bill No. 262, supra, and that said election
carried but that the Commissioners' Court is still uncertain
as to the proper procedure or method of financing such pur-
chases.

Article 2351a-1, Vernon's Annotated Civil Statutes,
provides that the Commissioners' Court shall have authority
to furnish fire protection to the citizens of the county re-
siding outside the city limits of any city, town or village.
It provides that the Commissioners' Court shall have authority
to enter into contracts with the cities, towns and villages
for the use of the city equipment upon such contract basis as
the respective governing bodies might agree upon or "to pur-
chase fire trucks and other fire fighting equipment by first
advertising and receiving bids thereon as provided by law".
It is further provided:

". . . That any fire equipment purchased
by any county shall be done only by a majority
vote of property owning taxpayers and qualified
voters of such county at a county wide election
called for such purpose."

The statute is silent as to how such purchases can
be financed and hence we must look to the statutes dealing
with county finances in general. We have found no constitu-
tional or statutory provisions for the issuance of bonds for
such purpose, in the absence of which we must hold that bonds
cannot be issued.

It is a well established rule of law in this State
that a county subject to the express restrictions imposed by

the Constitution and general laws has the implied power to issue time warrants in payment for improvements it is expressly authorized to construct, provided the applicable regulations relating to the issuance of such warrants are observed. San Patricio County v. McClane, 58 Tex. 243; Lasiter v. Lopez, 217 S. W. 373; Adams v. McGill, 146 S. W. (2d) 332. We believe such authorities are controlling here.

Article 2368a, Vernon's Annotated Civil Statutes, commonly called the bond and warrant law, sets forth the procedure for the issuance of warrants which are to be retired out of current funds or those funds other than current which are to accrue to the general revenue fund. It is provided that a tax must be levied and collected to pay the interest and principal as it matures. Such tax so levied and collected is a part of the general fund and hence is governed by the constitutional and statutory limitations of twenty-five cents on the One Hundred Dollar valuation. See Constitution, Article VIII, Section 9, and Article 2352, Vernon's Annotated Civil Statutes.

It is our opinion that the purchase of the fire fighting equipment desired can be purchased after a majority vote of the qualified voters has authorized such purchase but that it must be paid for out of the general fund or by the issuance of warrants to be paid ultimately out of the general fund as above pointed out.

We wish to thank you for enclosing the opinion prepared by Hughes, Hardeman & Wilson, with which we have agreed.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

APPROVED APR 8, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

LA:GO



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN